**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE NATANAEL LOPEZ-MORALES,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 21-980<br><br>Agency No.<br>A206-630-877<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2026**

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.

Petitioner Jose Natanael Lopez-Morales ("Lopez-Morales"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). The parties are familiar

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

with the facts, so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

The IJ's and the BIA's conclusion that Lopez-Morales was ineligible for asylum was supported by substantial evidence. Even assuming that Lopez-Morales' proposed particular social groups ("PSGs")—(1) Lopez-Morales family members and (2) Salvadoran men viewed as property by gangs—are cognizable, the record evidence does not compel a conclusion that his membership in either group was "a central reason" for any persecution. *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). As to the Lopez-Morales family PSG, Petitioner was approached by gang members while with a group of classmates, not family members. And the record evidence does not compel the conclusion that Lopez-Morales' family members, some of whom were purportedly killed or injured by gangs, were targeted based on their membership in the family unit. *Garland v. Ming Dai*, 593 U.S. 357, 365–66 (2021) (describing substantial evidence standard of review). The record evidence also does not compel the conclusion that one central reason for Lopez-Morales' encounter with gang members was his status as a Salvadoran male whom gangs viewed as property. In fact, the record evidence does not indicate gangs viewed Lopez-Morales as property; when he refused to join the gang, the gang members left and he did not suffer physical harm then or thereafter. Also, based on the foregoing, "a reasonable factfinder could find [the evidence] sufficient" to

determine that Lopez-Morales' subjectively genuine fear of future persecution was objectively unreasonable. *Ming Dai*, 593 U.S. at 366.

The IJ and BIA's conclusion that Lopez-Morales was ineligible for withholding of removal was supported by substantial evidence. To be eligible for withholding of removal, Lopez-Morales had to establish a "clear probability," i.e., that it was "more likely than not" he would be persecuted based on membership in his PSGs. *See* 8 C.F.R. § 1208.16(b)(2); *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 430–31 (1987). Because this standard is more stringent than the asylum standard to which we refer above, *id.*, Lopez-Morales' application for withholding of removal necessarily fails for the same reason his asylum application fails.

The IJ and BIA's conclusion that Lopez-Morales was ineligible for CAT protection was supported by substantial evidence. The record does not compel the conclusion that any of the past harms Lopez-Morales experienced rose to the level of torture. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("[T]orture requires a much greater showing of harm than demonstrating persecution, itself 'an extreme concept.'") (internal citation omitted). Gangs did not physically harm Lopez-Morales. To the extent that the record evidence about Lopez-Morales' family members' deaths could support a finding of torture, the record evidence still does not compel the conclusion that it is "more likely than not" Lopez-Morales himself would be tortured if returned to El Salvador. *See Garcia v. Wilkinson*, 988 F.3d

1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture" is insufficient to entitle a petitioner to CAT protection).

**PETITION DENIED.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion for stay of removal is denied. *See* Dkt. No. 2.